## DICKSON & Co. *v.* B. K. SHARRETTS & Co. et al.

The testimony of a single witness is not sufficient alone, to establish a contract of guaranteeing the payment of the price of goods purchased, for an amount exceeding five hundred dollars.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge,* J. *Goold* and *Howard,* for plaintiffs. *C. A. Jones,* for defendants. The judgment of the court *(Eustis,* C. J., absent,) was pronounced by

PRESTON, J. This suit is instituted against *B. K. Sharretts & Co.,* on a promissory note, and *Pliney E. Davis* as having guaranteed the payment for merchandise, for which the note was given. The note is signed by *B. K. Sharretts & Co.,* and passing through various endorsements, is now sued upon by the original parties. *B. K. Sharretts & Co.* confessed judgment; *Davis* plead a general denial

*Franklin Roberts* was the agent of the plaintiffs in selling the goods, and he is the only witness to charge the defendant, *Davis,* with having guaranteed the payment of their price. He states, that *Sharretts & Co.* applied for the purchase of the goods, but that he declined selling to them without further information ; that in a day or two, *Davis* called upon him, and stated that they were perfectly good ; and asked the witness if he considered him good, to which the witness replied, that he considered him perfectly good ; that *Davis* then said, if you consider me good, consider the sale as made to me ; that *Sharretts* afterwards called upon him, and purchased twelve hundred dollars worth of goods, for which he paid five hundred dollars cash, and gave his note at six months for the balance. The witness testifies that he made the sale on credit, because he considered he was making the sale to *Davis.*

The evidence leads to the conclusion, that the sale was made to *Sharretts & Co.* The goods were applied for by them; were delivered to them; the cash payment made by them, and the note for the balance was given by them. They are now sued for the amount of their note, or balance of the purchase. They had a store, as is proved, and purchased other goods from the plaintiffs in the course of the season. *Davis* had no store; the goods were not delivered to him. There is no proof that he knew the amount of the sales; he made no payment on the goods; did not sign the note; and had no other transaction with the plaintiffs. There is no proof that he was interested with *Sharretts & Co.* as a partner, or in the goods, in any other manner. He can be charged, therefore, only as having, by contract, guaranteed the payment of the price of the goods, or rendered himself liable by giving credit to the purchasers. The contract to guarantee the price of the goods is only proved by a single witness. The sum claimed exceeds five hundred dollars. To render the defendant liable, the testimony of the witness should be supported by corroborating circumstances. C. C. art. 2257.

We are unable to find in the record any corroborating circumstances, which are not proved exclusively by the same witness; and those stated by him are so light, as to give no weight to his direct testimony. A single other fact, remotely corroborates the testimony. It is, that *Davis* was security for the rent of the store. But, when we consider that no amount of goods to be purchased, was fixed at the interview of the witness with *Davis;* that he does not appear to have communicated the amount to *Davis* afterwards, or that a note payable at six months had been taken for the credit part of the purchase; that the witness did not apply to *Davis* to draw or endorse the note; that though negotiated, the credit of *Davis* was not given to it, and though sent to Philadelphia to the plaintiffs, no notice appears to have been given; that the drawers being doubtful, *Davis* guaranteed the price of the goods; that though the note was due in January, 1849, no application appears to have been made to *Davis* for more than a year afterwards. We consider the circumstances alluded to, as a corroboration of the testimony of the witness, too feeble to satisfy the law.

The judgment is reversed, and judgment of nonsuit rendered against the plaintiffs, who are condemned to pay costs in both courts.